## Kinter v. Reliance Electric Co.

*Kim R. Babrowsky,* for plaintiffs.
*Bernhard Behrend,* for defendants.

WETTICK, *J.,* May 13, 1980—This is a motion for sanctions requesting the award of reasonable expenses, including attorney's fees, to be entered against defendants for failure to produce a witness for a deposition.

Pursuant to Pa.R.C.P. 4007.1, plaintiffs served a notice to take the deposition upon oral examination of a managing agent of defendant Haughton Elevator and Machine Company. Twenty minutes before the time scheduled for the deposition, Haughton's counsel cancelled the deposition because of a scheduling conflict. Plaintiffs rescheduled the deposition and three days before the date of this deposition, Haughton's counsel left a message with plaintiffs' counsel cancelling the deposition because of his court schedule. Plaintiffs filed a motion for sanctions to compel Haughton to produce this witness for discovery within ten days and to require payment of reasonable expenses and attorney's fees.[1] Plaintiffs request counsel fees for the

---

1. Haughton does not oppose plaintiffs' request for a court order compelling the production of its managing agent for a deposition.

time expended in preparing for the initial deposition that was cancelled at the last minute and in preparing and presenting this motion for sanctions to compel defendants to produce this witness.

Defendants contend that the rules of civil procedure permit an award of counsel fees and other expenses for the failure to comply with the discovery rules only upon noncompliance with an order of court compelling discovery. Plaintiffs, on the other hand, contend that a court may award counsel fees and other expenses for any failure to comply with the rules of discovery.

Sanctions for noncompliance with the discovery rules are governed by Pa.R.C.P. 4019. The applicable provisions include Rule 4019(a)(1) which provides that: "The court may, on motion, make an appropriate order if . . . (iv) a party or an officer, or managing agent of a party . . . fails to appear before the person who is to take his deposition."

Rule 4019(c) provides that: "The court, when acting under subdivision (a) of this rule, may make . . . (5) such order with regard to the failure to make discovery as is just."

Rule 4019(g)(1) provides that:

"Except as otherwise provided in these rules, if following the refusal, objection or failure of a party or person to comply with any provision of this chapter, the court, after opportunity for hearing, enters an order compelling compliance and the order is not obeyed, the court on a subsequent motion for sanctions may, if the motion is granted, require the party or deponent whose conduct necessitated the motions or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses, including attorney's fees, incurred in obtaining the order of compliance and the

order for sanctions, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust."

Plaintiffs are not entitled to attorney's fees or other expenses incurred in obtaining this order for sanctions. Rule 4019(g)(1) is the only provision in the rules of civil procedure that permits a court to order payment of the reasonable expenses, including attorney's fees, incurred in obtaining a court order compelling compliance with the rules of discovery and this provision permits the award of such expenses only on a motion for sanctions for failure to obey a court order requiring discovery.[2]

The reading of Rule 4019 in this fashion—which is clearly mandated by its language—also is supported by the Explanatory Note to Rule 4019 which provides:

"The first step under subdivision (g)(1) is a motion to compel compliance. If, after a hearing, the motion is granted and depositions or discovery are ordered and the party against whom it is directed complies, that is the end of the matter as far as expenses and counsel fees are concerned. There can be no award of expenses and fees. If the order to comply is not obeyed, the aggrieved party may file a new motion to impose sanctions. The court, at this 'second step' of the proceedings may award expenses and counsel fees for either or both steps depending upon how the court views the conduct of the defaulting party and his counsel."

---

2. In Pennsylvania in the absence of specific authorization allowing a court to award counsel fees, there can be no recovery of counsel fees: Corace v. Balint, 418 Pa. 262, 210 A. 2d 882 (1965).

Defendants also rely on Rule 4019 (g)(1) to support their claim that the expenses incurred, including counsel fees, for failure to produce a witness for a deposition may not be awarded in the absence of prior court order compelling the witness to appear. However, Rule 4019(g)(1) covers only the award of counsel fees and other reasonable expenses incurred in obtaining a court order for sanctions. This rule says nothing about the award of expenses incurred as a result of a party's failure to comply with the discovery rules.

Where the party, officer or managing agent of a party has failed to appear for a deposition, Rule 4019(a)(iv) provides that the court may on motion make an appropriate order and Rule 4019(c)(5) provides that the court, when acting under Rule 4019(a), may make any order with regard to the failure to make discovery as is just. Subdivision (c)(5) permits a court to enter any order that is consistent with basic notions of fairness and justice and since the law has traditionally imposed the duty to compensate upon a person whose conduct causes damages, an order requiring reimbursement of expenses incurred for noncompliance with the rules of discovery is obviously encompassed within subdivision (c)(5).[3] In fact, such an order is suggested by Rules 4019(e) and (f) which in analogous situations authorize a court to order payment of the reasonable expenses, including attorney's fees, incurred by a party and his attorney in attending a deposition, if the party who gave the notice of the taking of the deposition either fails to attend or to serve a subpoena upon a witness who does not attend.

3. It is no longer necessary for a court to find that a party has acted wilfully to impose sanctions for noncompliance with the rules of discovery. See Explanatory Note to Rule 4019.

Defendants argue that counsel fees were not intended to be awarded under Rule 4019(c)(5) because if counsel fees could be awarded under this rule, there would be no need for Rules 4019(d), (e), (f) and (g), which detail the situations where expenses, including counsel fees, may be awarded. This argument is without merit. These rules involve situations other than the failure to make discovery and are not reached by Rule 4019(c). Thus, there is a need for these rules even if Rule 4019(c)(5) permits an award of reasonable expenses, including counsel fees, incurred by a party because of another's failure to comply with the discovery rules.

For these reasons we grant plaintiffs' request for payment of the counsel fees incurred in scheduling and preparing for the deposition which Haughton's managing agent failed to attend, and deny plaintiffs' request for reasonable expenses, including counsel fees, incurred in preparing and presenting this motion for sanctions.

## ORDER

On this May 13, 1980, it is hereby ordered that: (1) Haughton Elevator and Machine Company shall produce Mr. Ralph Arrison at the office of plaintiffs' counsel for purposes of discovery within ten days of the date of this order, and (2) Haughton Elevator and Machine Company shall pay counsel fees to plaintiffs in the sum of $100 as the reasonable expenses incurred in scheduling and preparing for the February 12, 1980 deposition which Mr. Arrison failed to attend.