## Kirk v. St. Clair Memorial Hospital

*Thomas Hollander,* for plaintiffs.

*Stephen H. Wyckoff,* for defendant St. Clair Memorial Hospital.

*Ralph A. Davies,* for defendant Allegheny General Hospital.

*James F. Malone, III,* for defendant Pravin Patel.

*James A. Wood,* for defendant Frank Begg.

WETTICK, JR., *J.,* August 13, 1982—Pursuant to Pa.R.C.P. 4007.1, on June 1, 1982, plaintiffs gave written notice to the parties to this proceeding scheduling defendant Begg's deposition for June 16, 1982. By a June 2, 1982 letter, Begg's counsel advised plaintiffs' counsel that his client would not attend the deposition unless plaintiffs provided medical authorizations prior to June 9, 1982, because he believed that Begg should have the opportunity to review plaintiff-husband's medical records before giving his deposition. By a June 9, 1982 let-

ter, plaintiffs' counsel indicated to Begg's counsel that the authorizations would not be provided prior to the deposition[1] and also stated that he intended to proceed with the deposition unless it was cancelled pursuant to a motion for a protective order which he described as the only appropriate method for cancelling a deposition. Begg made no effort to obtain a protective order. However, on June 16, 1982, plaintiffs' counsel received an additional letter from Begg's counsel stating that his client would not appear for his deposition, and neither Begg nor his counsel appeared.

The subject of this opinion and order of court is plaintiffs' motion for sanctions in which plaintiffs request this court to compel Begg to appear for his deposition and to award counsel fees for the time spent preparing for the deposition, for the time allocated for the deposition, and for the time spent in the preparation and presentation of this motion for sanctions.

In Kinter v. Reliance Electric Co., 128 P.L.J. 300, 14 D. & C. 3d 402 (1980), this court considered a similar motion for sanctions for failure of a party to appear for his deposition. We stated that the motion raised two issues: (1) whether counsel fees may be awarded for the time expended to obtain a court order compelling the opposing party to appear for a subsequent deposition, and (2) whether counsel fees may be awarded for the time expended on the scheduled deposition which the opposing party failed to attend.

---

1. There was neither a court order compelling the production of these records nor even a request served on plaintiffs for their production pursuant to Pa.R.C.P. 4009. Consequently, plaintiffs are not in violation of any rules of discovery on account of their failure to provide these medical authorizations.

This first issue is governed by Rule 4019(g) (1). This rule is the only provision in the Rules of Civil Procedure that permits a court to order payment of the reasonable expenses incurred to obtain a court order compelling compliance with the rules of discovery, and it permits the award of expenses only where sanctions are imposed for failure to obey a court order requiring discovery. In the present case, there is no court order compelling Begg to appear for his deposition. Consequently, we reject plaintiffs' request for counsel fees for the time spent in the preparation and presentation of their motion for sanctions.

The second issue is governed by Rules 4019(a) (iv) and 4019(c)(5). These rules permit a court to award counsel fees for the time reasonably expended on the deposition which a party failed to attend.

Begg contends that counsel fees may not be awarded in the present case because plaintiffs' counsel had been advised that Begg would not be present for his deposition. Thus, according to Begg, it was unreasonable for plaintiffs' counsel to spend time preparing for a deposition which he knew would not take place.

For two reasons, we reject Begg's contention. First, Rule 4013 clearly provides that a deposition may not be stayed without a court order. A party who has scheduled a deposition may assume that the other litigants are aware of this rule and that they will abide by our rules of discovery. Where opposing counsel has been advised that the deposition will take place as scheduled unless a protective order is obtained, it is reasonable for the party who has scheduled the deposition to assume that it will take place despite any threats to the contrary.

Second, under our previous discovery rules, the filing of a notice for a protective order operated to

stay discovery. This practice was changed by Rule 4013 because of the possibility of misuse of a rule permitting a party unilaterally to stay discovery. Explanatory note-1978 to rule 4013. If we were to accept Begg's argument, there would be no effective sanctions for a party's unilaterial decision to ignore a deposition notice provided that the party gave reasonable notice of his or her intentions, and, consequently, there would be no incentive to a party to seek a protective order in lieu of unilaterally deciding to ignore a discovery request. We will not construe the rules in a fashion that will render meaningless the 1978 amendment requiring a protective order to stay discovery.[2]

Our ruling is consistent with the body of federal case law which imposes severe sanctions against parties who unilaterally decide to ignore the discovery rules.[3] The United States Supreme Court has instructed that "[discovery] sanctions must be applied diligently both 'to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterent.'" (Citation omitted.) Roadway Express, Inc. v. Piper, 447 U. S. 752, 763-764, 100 S. Ct. 2455, 2463 (1980).

---

2. This opinion governs only the situation in which the party objecting to the deposition had sufficient time to obtain a protective order. Its rationale is not necessarily applicable to a motion for sanctions for failure of a party to appear for a deposition due to unforseen circumstances which arose at the last minute.

3. Federal case law is relevant because Pa.R.C.P. 4019 is modeled after Fed.R.Civ.P. 37 which governs sanctions for violations of the federal discovery requirements. See Explanatory Note-1978 to Pa.R.C.P. 4019.

In Al Barnett & Son, Inc. v. Outboard Marine Corp., 611 F.2d 32 (3d Cir., 1979), the court, in affirming a dismissal of an antitrust claim for failure to appear for a scheduled deposition, stated:

"Litigants may oppose discovery requests by seeking a protective order from the court (citation omitted); they cannot be permitted to frustrate discovery by refusing to comply with a proper request. For courts to permit litigants to disregard the responsibilities that attend the conduct of litigation would be tantamount to 'encourag[ing] dilatory tactics.' (Citation omitted.) The dismissal sanction, although severe, is a necessary tool both to punish in the individual act and to deter future abuses of the discovery process." (Citations omitted.) pp. 35-36.

Also, in Philpot v. Philco-Ford Corp., 63 F.R.D. 672 E.D., Pa. 1974), the Federal District Court for the Eastern District of Pennsylvania stated in support of its decision to dismiss plaintiffs' action for the failure to comply with discovery rules:

"The provisions governing discovery under the Federal Rules of Civil Procedure are more than mere procedural guidelines to be consulted at the pleasure of a party to a federal suit. The language of these rules is carefully drafted and specific in its terms in order that they 'secure the just, speedy, and inexpensive determination of every action.' (footnote omitted.) Plaintiffs have chosen a most reckless course by failing to acquaint themselves with and by failing to comply with the clear, precise, and central provisions of these rules. By their own conduct plaintiffs have placed the suit that they initiated in jeopardy of the imposition of sanctions provided for enforcement of the procedural mandates which control the course of discovery." p. 675.

Also, see Charter House Insurance Brokers, Ltd. v. New Hampshire Insurance Co., 667 F.2d 600 (7

Cir., 1981); Hepperle v. Johnston, 590 F.2d 609 (5 Cir., 1979); Marriott Homes, Inc. v. Hanson, 50 F.R.D. 396 (W.D., Missouri, 1970); Hall v. Leon County Building Supply Co., Inc., 84 F.R.D. 372 (N.D. Florida, 1979); Bray v. Memphis State University, 88 F.R.D. 90 (W.D., Tenn., 1980); Bergeron v. Leo Inns, Inc., 87 F.R.d. 486 (M.D., Pa., 1980); Shawmut Bank of Boston, N. A. v. Stoddard, 26 F.R. Serv. 2d 151 (M.D., Pa., 1978).

For these reasons, we enter the following

## ORDER OF COURT

On this August 13, 1982, it is hereby ordered that:

(1) Defendant Frank Begg shall appear for his deposition.

(2) Defendant Frank Begg shall pay reasonable expenses, including counsel fees, incurred as a result of his failure to attend the June 16, 1982 deposition.

(3) Within the next 14 days, plaintiffs' counsel shall submit an affidavit itemizing the expenses incurred in scheduling and preparing for the deposition which Dr. Begg failed to attend, and Dr. Begg shall have 14 days in which to respond by affidavit, deposition, and the like.