**PINE LAKES INTERNATIONAL COUNTRY CLUB—a Partnership Consisting of Addison S. Miles, Louise T. Miles and the Estate of Fred A. Miles, Plaintiff,**

v.

**POLO RALPH LAUREN CORPORATION—a corporation of New York, Defendant.**

Civ. A. No. 4:88–2524–15.

United States District Court, D. South Carolina, Florence Division.

Aug. 25, 1989.

Howell V. Bellamy, Jr., Bellamy, Rutenberg, Copeland, Epps, Gravely & Bowers, P.S., Myrtle Beach, S.C., Robert C. McMorrow, Cynthia Clarke Weber, Sughrue, Mion, Zinn, MacPeak & Seas, Washington, D.C., for plaintiff.

L. Sidney Connor, IV, Nelson, Mullins, Riley & Scarborough, Myrtle Beach, S.C., Anthony F. Lo Cicero, Debra M. Geller, Amster, Rothstein & Ebenstein, New York City, for defendant.

## ORDER

HAMILTON, District Judge.

The plaintiff, Pine Lakes International Country Club, has filed the instant action alleging infringement of trademark and unfair competition against defendant, Polo Ralph Lauren Corporation. The matter is currently before the court upon plaintiff's motion for expenses and attorney's fees pursuant to Rule 30(g), Fed.R.Civ.Proc. The court has concluded that plaintiff's motion should be granted.

Rule 30(g) provides as follows:

(1) If the party giving the notice of the taking of a deposition fails to attend and proceed therewith and another party attends in person or by attorney pursuant to the notice, the court may order the party giving the notice to pay to such other party the reasonable expenses incurred by that party and that party's attorney in attending, including reasonable attorney's fees.

(2) If the party giving the notice of the taking of a deposition of a witness fails to serve a subpoena upon the witness and the witness because of such failure does not attend, and if another party attends in person or by attorney because that party expects the deposition of that witness to be taken, the court may order the party giving the notice to pay to such other party the reasonable expenses in-

curred by that party and that party's attorney in attending, including reasonable attorney's fees.

Rule 30(g), Fed.R.Civ.Proc. Courts have consistently interpreted Rule 30(g) to allow an award of expenses and attorney's fees where the party noticing the deposition fails to attend and does not deliver sufficient notice of cancellation to the other party. *See e.g., Delozier v. First National Bank of Gatlinburg,* 109 F.R.D. 161, 165 (E.D.Tenn.1986); *Fino v. McCollum Mining Company,* 93 F.R.D. 455 (N.D.Tex. 1982); Wright & Miller, *Federal Practice and Procedure,* § 2120 (1970 Ed., 1988 Supp.).

In support of its motion, plaintiff alleges that defendant, on August 2, 1989, noticed a deposition to take place on August 11, 1989, commencing at 2:00 P.M., at the law offices of Skadden, Arps, Slate, Mergher and Flom, Boston, Massachusetts. Plaintiff further alleges that Robert G. McMorrow, attorney for plaintiff, traveled to Boston on August 11, 1989, only to be told by a receptionist at the Skadden, Arps law firm that the deposition had been cancelled the night before. Defendant, on the other hand, contends that Deborah M. Geller, attorney for defendant, called McMorrow's office on August 10, 1989, to *inform him* that the deposition would not go forward as scheduled. Defendant contends that Geller was told by the receptionist that McMorrow was out for the day, and that his secretary was also out for the day. Defendant further contends that Geller left a message with the receptionist stating that the deposition had been cancelled and asking that McMorrow return her call.[1]

Although plaintiff admits that its receptionist, Sarah Heath, received a phone call from Geller at approximately 2:00 P.M. on Thursday, August 10, 1989, plaintiff nevertheless argues that Geller left no message for McMorrow other than her name and phone number, with the request that he return her call on "an important matter." Specifically, plaintiff contends that Geller did not ask Heath to tell McMorrow that the deposition had been cancelled, nor did Geller inform Heath that the deposition had been cancelled. The record before the court contains a telephone message slip submitted by plaintiff which acknowledges receipt of a phone call from Geller on August 10, 1989, but does not leave any message for McMorrow other than to return Geller's call on an important matter.

The court finds that the acts undertaken by Geller on the eve of the scheduled deposition constitute insufficient and untimely notice of cancellation of the deposition scheduled for August 11, 1989. Although the telephone message slip reveals that Geller called McMorrow's law firm, it also reveals that Geller did not leave sufficient information from which McMorrow could conclude that the deposition had been cancelled. Because defendant had in fact noticed the deposition scheduled for August 11, 1989, it also retained the burden of cancelling said deposition, and conveying this information to defendant in sufficient time to prevent defendant from incurring the expense of traveling to the site of the scheduled deposition. Accordingly, this court orders the defendant, the party here who noticed the deposition for August 11, 1989, to pay the plaintiff the reasonable expenses incurred in attending the scheduled deposition, including reasonable attorney's fees.

The court further finds that the amount requested by plaintiff, One Thousand Nine Hundred Twenty-one and 82/100 ($1,921.82) Dollars, is a reasonable amount for expenses and attorney's fees incurred by plaintiff's attorney in traveling to Boston on August 11, 1989, to attend and participate in the deposition noticed by the defendant on August 2, 1989. Accordingly, this court hereby orders defendant to pay to plaintiff the sum of One Thousand Nine Hundred Twenty-one and 82/100 ($1,921.82) Dollars within twenty (20) days

---

**1.** Apparently, defendant decided to cancel the noticed deposition because of failure to timely serve the deposition subpoena on Reebok International, Inc., the proposed deponent. Rule 30(b)(6), Fed.R.Civ.Proc.

of the date of this Order.  Rule 30(g), Fed. R.Civ.Proc.

IT IS SO ORDERED.